# Sulzner, Appellant, _v._ Cappeau, Lemley & Miller Company.

_Practice, C. P.—Rule for judgment—Affidavit of defense—Failure to file opinion._

1. On a rule for judgment for want of a sufficient affidavit of defense, where the questions raised will require the construction of an act of assembly and of one of the court's own rules, it is proper for the court in disposing of the case to file an opinion setting forth, at least briefly, the reason for its conclusion.

_Practice, C. P.—Affidavit of defense—Supplemental affidavit of defense—Rules of court._

2. Where a rule of court prohibits the filing of a supplemental affidavit of defense after a rule for judgment is called for argument "unless for special cause shown," and the court permits a supplemental affidavit to be filed, the appellate court in the absence of anything disclosing the contrary, will assume that sufficient cause was shown the court below to warrant its action.

_Practice, C. P.—Replevin—Stock certificate._

3. In an action of replevin against a corporation and two individuals, to recover a certificate of stock for 2,500 shares, an affidavit of defense is sufficient which avers that at a time after the corporation defendant had received the certificate in question from the plaintiff, the latter sold to the two individual defendants certain shares of stock of the same company, and that it was agreed by all parties that the defendant corporation should hold the certificate and have it divided into smaller certificates, so as to give the individual defendants 500 shares which were due them and which they had paid for, and that this division of the certificate had been prevented by the action of the plaintiff in notifying the company issuing the shares not to make the transfer.

Argued Oct. 20, 1908. Appeal, No. 76, Oct. T., 1908, by plaintiff, from order of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 220, discharging rule for judgment for want of a sufficient affidavit of defense in case of Joseph F. Sulzner v. Cappeau, Lemley & Miller Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Replevin. Before SWEARINGEN, J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*Harvey, A. Miller,* for appellant.—Defendants, under the rules of court of Allegheny county, have no right to amend or supplement their affidavit after argument: Yaryan Co. v. Penna. Glue Co., Ltd., 180 Pa. 480.

Where there is no rule of court on the right to file a supplemental affidavit of defense, it is in the discretion of the court: Lash v. Von Neida, 109 Pa. 207; Fleisher v. Blackburn, 15 Pa. Superior Ct. 289; Port Kennedy Slag Works v. Wm. Krause & Sons, 5 Pa. Superior Ct. 622; Callan v. Lukens, 89 Pa. 134.

The affidavit of defense is insufficient: Erie City to use v. Butler, 120 Pa. 374; Swope v. Crawford, 16 Pa. Superior Ct. 474; Green & Sons v. Bauer, 15 Pa. Superior Ct. 372; Rockey v. Burkhalter, 68 Pa. 221; Schofield v. Ferrers, 46 Pa. 438; Catasauqua Bank v. North, 160 Pa. 303; Conlin v. Butler, 10 Kulp, 273; Shoemaker v. Shoemaker, 7 Kulp, 528; Fox v. Magaw, 12 Pa. Dist. Rep. 53.

*Oscar T. Taylor,* for appellees.—The statute controlling procedure in an action of replevin specifically recognizes the power of the court to grant leave to defendants to amend an affidavit of defense: Lash v. Von Neida, 109 Pa. 207; Wall v. Royal Society of Good Fellows, 179 Pa. 355; Hellings v. Wright, 14 Pa. 373; Kellett v. Freeman, 19 Pa. Superior Ct. 155; Damm v. Ortlieb, 1 W. N. C. 576; Fleisher v. Blackburn, 15 Pa. Superior Ct. 289; Andrews v. Blue Ridge Packing Co., 206 Pa. 370; Callan v. Lukens, 89 Pa. 134.

The construction of their rules by the lower courts is ordinarily conclusive; their discretion will be interfered with only where wrong is manifest: Gannon v. Fritz, 79 Pa. 303; Carpet Co. v. Latimer, 165 Pa. 617; Livingston v. Kerbaugh, 30 Pa. Superior Ct. 534; Yaryan Co. v. Penna. Glue Co., 180 Pa. 480.

For the purposes of this appeal the court will assume the

truth of the facts set forth in the affidavits of defense: Noble v. Kreuzkamp, 111 Pa. 68; Kaufman v. Cooper Iron Mining Co., 105 Pa. 537.

The affidavit of defense was sufficient: Brown v. Gourley, 214 Pa. 154; Rose v. Ind't Chevra Kadisho, 215 Pa. 69; Noble v. Kreuzkamp, 111 Pa. 68; Kaufman v. Cooper Iron Mining Co., 105 Pa. 537; Gandy v. Weckerly, 220 Pa. 285; Stern v. Dwyer, 35 Pa. Superior Ct. 132; Marquis v. McKay, 216 Pa. 307; Brewing Co. v. Rosenbluth, 33 Pa. Superior Ct. 303.

Under the act of 1901, the party having right of possession of the chattel has been uniformly held to have rights superior to those of the owner who does not have the right of immediate possession: Mathias v. Sellers, 86 Pa. 486; Ry. Co. v. Ellsey, 85 Pa. 283; Fox v. Magaw, 12 Pa. Dist. Rep. 53; Hartman v. Keown, 101 Pa. 338; Yearsley v. Gray, 140 Pa. 238; Strong, Deemer & Co. v. Dinniny, 175 Pa. 586; Reinheimer v. Hemingway, 35 Pa. 432; Lester v. McDowell, 18 Pa. 91; Fisher v. Whollery, 25 Pa. 197.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1909:

This was a rule for judgment for want of a sufficient affidavit of defense. The court discharged the rule without filing an opinion and the dissatisfaction of the plaintiff in thus summarily disposing of the case is shown in his printed brief wherein it is said: "'It is further argued that the court below did not sufficiently consider the case in its decision, for though briefs were prepared and submitted to the court covering the entire questions in this case on both the rules to the disposition of which errors had been assigned, yet the court below did not give the case sufficient consideration to write an opinion, but discharged the rule for judgment and made absolute the rule filing the additional defense." We cannot say that this criticism is unwarranted. The questions raised in the case required a construction of an act of assembly and of one of the court's own rules, and therefore there was an especial reason in the case why the court should have filed an opinion setting forth at least briefly the reasons for its conclusion. The parties are entitled under the constitution and laws of the commonwealth to have

their case heard and properly determined in the common pleas as well as in this court.

This was an action of replevin brought to recover stock certificate No. 313 representing 2,500 shares of the stock of the Gold Bullion Mining & Development Company which the plaintiff alleges belongs to him and is in the possession of the defendant company. An affidavit of defense was filed and subsequently by permission of the court a supplemental affidavit was filed. The defendants took a rule to show cause why they should not be permitted to file a supplemental affidavit of defense, which rule was made absolute. This is the subject of the first assignment of error. The plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which was discharged, and this is the subject of the second assignment of error.

We are not convinced that the court erred in permitting the defendant to file an additional or supplemental affidavit of defense. The sixth section of the Act of April 19, 1901, P. L. 88, permits a defendant to amend his original affidavit or file a supplemental affidavit of defense by leave of court. A like authority is contained in the rules of the court below. Those rules prohibit the filing of a supplemental affidavit of defense after a rule for judgment is called for argument, "unless for special cause shown." In the absence of anything disclosing the contrary, we must assume that sufficient cause was shown the court below to warrant it in permitting the defendants to file the supplemental affidavit of defense. The first assignment of error is dismissed.

We must accept the allegations in the affidavit of defense as true. The action, as we have said, is replevin for a stock certificate representing 2,500 shares of stock in the Gold Bullion Mining & Development Company. Fred Volquarts and M. H. McIlwaine were permitted to intervene and become defendants in the cause. They joined the defendant company in filing the supplemental affidavit of defense. It appears from the affidavit that the defendant company conducts a stock brokerage business, and that it received the certificate of stock in controversy on July 15, 1907, for which a receipt was given. Prior to this date the plaintiff had sold to Volquarts and McIlwaine 2,000

shares of the stock of the mining and development company, and on July 16, 1907, delivered to the defendant company for the purchasers certificates for 1,500 shares of the stock. In order to make delivery of the remaining 500 shares, the plaintiff surrendered to the defendant company the receipt which it had given him; and it was mutually agreed by the purchasers of the stock and the plaintiff that in lieu of the certificate of stock thus surrendered three new certificates should be issued by the mining and development company, one in the name of the defendant, Volquarts, for 250 shares, one in the name of the defendant, McIlwaine, for 250 shares, and the third in the name of the plaintiff for 2,000 shares. Volquarts and McIlwaine then and there paid to the plaintiff the balance due for the 2,000 shares of stock which they had purchased from him.

The affidavit of defense further avers as follows: "To insure the reissue of the remaining 500 shares of stock so purchased by the defendants, Volquarts and McIlwaine, it was agreed by both the plaintiff and the purchasers that certificate No. 313 should be held by the defendant corporation for the protection of both the plaintiff and the two said purchasers, and that it should be taken by the defendant corporation, acting for both the plaintiff and the purchasers, to the office of the mining and development company, and there transferred and reissued in the manner agreed upon, as above recited. At the same time, the plaintiff, having surrendered to the defendant corporation the receipt recited at length in the second paragraph hereof, gave the defendant corporation an option to purchase, and assigned and delivered to the defendant corporation a written order to sell the 2,000 shares so remaining his property."

The affidavit also avers that the defendant company presented the certificate of stock to the mining and development company and requested the transfer and reissue of the same in three certificates to the plaintiff, Volquarts and McIlwaine, but alleges that the mining and development company refused to make the transfer because the plaintiff had notified it not to transfer or reissue the certificates. The affidavit avers readiness on the part of the defendant company to deliver to the plaintiff a certificate for 2,000 shares of the mining and development com-

pany stock as soon as the plaintiff will permit the transfer and reissue of three certificates in place of the certificate delivered by the plaintiff to the defendant company.

The affidavit of defense sets forth very fully what the defendants allege to be the facts of the case, and we think it is sufficient to prevent judgment and to send the case to a jury. If the averments of the affidavit be true, and we must so regard them, the plaintiff was paid in full by Volquarts and McIlwaine for the 2,000 shares of stock which they purchased from him. Five hundred shares of that stock were to be delivered to the purchasers from the 2,500 shares represented by certificate No. 313 for which this replevin was issued. By an agreement between the plaintiff and the defendants, certificate No. 313 was to be held by the defendant company not only for the protection of the plaintiff but also for the protection of Volquarts and McIlwaine who were the owners of 500 shares of the stock represented by that certificate. It was the duty of the defendant company under this agreement to have three certificates issued in place of the one held by it so that each of the three owners of the stock should have a certificate for the number of shares to which he was entitled. This was prevented, as averred in the affidavit, by the conduct of the plaintiff in refusing to permit the reissue of certificates to the parties entitled to the stock. It was a breach of the plaintiff's agreement which he had entered into with the defendants by which certificate No. 313 was to be surrendered and the three new certificates were to be issued therefor. We will not discuss the case further in view of the fact that it is remanded for trial before a jury.

The assignments of error are overruled and the order of the court below is affirmed.