# Sulzner, Appellant, *v.* Cappeau, Lemley & Miller Co., et al.

*Contracts—Threats—Duress—Evidence.*

In an action of replevin for the recovery of a certificate of stock upon the claim that the papers transferring the certificate to the defendants had been executed by the plaintiff, a man fifty-eight years of age, under duress, binding instructions for the defendant are proper where the only evidence of duress is that the defendants threatened to arrest plaintiff's son unless plaintiff signed the papers, and it does not appear that the plaintiff was not a man of ordinary firmness or that there was any fear of immediate imprisonment either of the plaintiff or of his son, the latter at the time being present protesting that he was not liable to arrest.

Argued October 29, 1912. Appeal, No. 149, Oct. T., 1912, by plaintiff, from judgment of C. P., No. 4, Allegheny Co., Fourth T., 1907, No. 220, for defendant n. o. v. in case of Joseph F. Sulzner v. Cappeau, Lemley & Miller Co., et al. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Replevin to recover certificates of stock. Before SHAFER, J.

The opinion of the Supreme Court and the report of the same case in 234 Pa. 162 state the facts.

At the trial the question was submitted to the jury as to whether the plaintiff executed certain receipts which had the effect of transferring the certificate of stock in suit to defendants while under duress. Defendant presented a point for binding instructions, which was refused. The jury returned a verdict in favor of the plaintiff for $3,575. Subsequently the court entered judgment for the defendant n. o. v. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*U. G. Vogan,* with him *Harvey A. Miller,* for appellant.—The transfer was made under duress and is invalid: Motz v. Mitchell, 91 Pa. 114; White v. Heylman, 34 Pa. 142; Jordan v. Elliott, 12 W. N. C. 56; McGrory v. Reilley, 8 W. N. C. 104.

*Frank W. Stonecipher,* with him *John M. Ralston,* for appellee.—There was not sufficient evidence of duress to go to the jury: Sulzner v. Cappeau, Lemley & Miller Co., 234 Pa. 162; Union Nat. Bank v. Dersham, 15 W. N. C. 541.

Opinion by Mr. Justice Moschzisker, January 6, 1913:

This case has already been here on two previous appeals (223 Pa. 87 and 234 Pa. 162); the material facts and the controlling rules of law are sufficiently referred to in the last report. In reviewing the present record we have considered all the evidence produced and find it practically the same as that relied upon at the former trial. The following excerpt from the opinion of Judge Shafer in the court below contains all that it is necessary to say in disposing of this appeal: "The issue in the case is whether or not certain papers given in evidence by the defendants were executed by the plaintiff under duress and are, therefore, void. The Supreme Court (reviewing the former trial) held that the evidence then given was insufficient to maintain that issue upon the part of the plaintiff, and if a request for binding instructions had been made on that trial a judgment for the defendant would have been entered non obstante veredicto. The judgment was, however, reversed and a new venire ordered, upon which the present trial was had. The question, therefore, now is whether or not the plaintiff has given additional evidence which would justify judgment in his favor on the verdict. One reason why the evidence given on the former trial was insufficient was that it did not appear

that the plaintiff was not a man of ordinary firmness. The evidence on the present trial adds very little to what was given before, being principally an expansion of the statements then made as to the state of health of the plaintiff, and a statement on the part of his wife that he was not fit to transact business, founded, however, upon nothing more than had been stated on the former trial. We are of opinion that the evidence in this respect is substantially the same as upon the former trial, and for that reason of opinion that it is not sufficient. There is, however, an additional matter pointed out in the opinion of the Supreme Court, in which it is said that 'ordinarily when no proceedings have been commenced, threats of arrest, prosecution or imprisonment do not constitute legal duress to avoid a contract; the threats must be made under such circumstances that they excite the fear of imminent and immediate imprisonment.' In this case there were no threats which could cause fear of immediate imprisonment of anyone, and the person threatened to be arrested was not the plaintiff himself, but his son, who was present at the time protesting that he was not liable to arrest and that he had not made the bargain which it was claimed he had made. There was no reason why either he or his father should fear arrest before they would have time to consult counsel or examine into the matter...... It is further to be observed that the money received by the plaintiff at the time of the transactions which he now questions was never tendered back to the defendants, so far as the evidence shows. Upon the whole case we are of opinion that the testimony is very far from showing such a case of duress per minas as is sufficient to set aside the contract."

The above is amply sufficient to sustain the judgment entered by the court below, but we shall add one authority discovered since the case was last before us in which certain of the facts are strikingly like those at bar. The case is Fulton v. Hood, 34 Pa. 365, where the action

was upon a bond: "The defendant offered to prove that the execution of the bond was secured by threats...... That at the time of the execution and delivery of the bond......one of the plaintiffs represented to the defendant that unless he would sign it, the sons of the defendant would be indicted for obtaining goods under false pretenses, and would be convicted and sent to the penitentiary; and that he would be a witness against them...... That the defendant is an aged man,...... whose mind is easily influenced and excited, and was unduly influenced and excited by the threats......." In passing upon the refusal of this offer, Mr. Justice STRONG said (p. 372): "The defendant......offered to show duress...... Coupled with it was the additional fact that the defendant was nearly sixty-six years old; that he had a mind easily influenced and excited; and that he was unduly influenced and excited by the threats and misrepresentations of Bonbright. There was no proposal to show that he was under any physical or mental constraint, or that his mind was not perfectly free to consent to, or dissent from, the contract...... The duress proposed to be shown, was duress per minas, and that, not of threats made against the defendant, or his property, nor were they threats of any illegal act, but of a resort to a court of law. Nothing more than this statement is necessary to vindicate the action of the court below in rejecting the evidence."

The assignments of error are overruled and the judgment is affirmed.