## Carden et al. v. Kellerman et al.

*Pleading and practice—Promissory note—Consideration—Conclusions of law and fact—Duress—Allegations—Rule for judgment—Affidavit of defence.*

1. In setting up duress as a defence to a promissory note, it is not sufficient to aver the simple statement that defendant was threatened with arrest.

2. The averment that a promissory note was given without consideration is a conclusion of law and not an allegation of fact.

Rule for judgment for want of sufficient affidavit of defence. C. P. Allegheny Co., April T., 1925, No. 2543.

Before Evans, Carnahan and Drew, JJ.

*Reed, Smith, Shaw & McClay,* for plaintiffs.

*Harry Irwin Miller,* for defendants.

EVANS, J., May 15, 1925.—Plaintiffs brought suit against the defendants, David Kellerman and Jennie Kellerman, on a promissory note dated Nov. 1, 1924, payable March 1, 1925, in the sum of $32,500, to the order of George A. Carden and L. T. McFadden, the plaintiffs in this case.

The defendant, Jennie Kellerman, was not served. David Kellerman filed an affidavit of defence and the plaintiffs took a rule for judgment for want of a sufficient affidavit of defence.

Except the bald statement in the affidavit of defence that the note in question was without valuable consideration, the entire defence set up in the affidavit is contained in the two following paragraphs:

"Fourth. More specifically, the defendant herein sets forth that, on or about the date of the execution of the alleged promissory note, set forth in Exhibit 'A,' an altercation arose between the plaintiffs in the above entitled

case and the defendant, David Kellerman, relative to a certain business transaction. That during the course of the conference between plaintiffs and David Kellerman, one of the defendants, David Kellerman, the defendant, was threatened with arrest by the plaintiffs in this case and was forced, under threats of immediate arrest in New York City, a place in which he was a total stranger, unless he would execute the alleged instrument, shown as Exhibit 'A' of plaintiffs' statement of claim.

"Fifth. The defendant, David Kellerman, would not have executed the instrument set forth as Exhibit 'A' in plaintiffs' statement of claim had it not been for the threats, intimidations and fear of bodily harm of the plaintiffs and under the duress to which the plaintiffs subjected him."

It certainly does not require an extended discussion of this question of duress, as alleged in the paragraph just quoted, to come to the conclusion that if there was duress in obtaining the signature to this note, the defendant has not pleaded it. The duress is simply the bald assertion that the defendant, Kellerman, was threatened with arrest. We do not know whether it was arrest on a criminal information or arrest on a civil process. We do not know what the circumstances surrounding this altercation relative to some business transaction was. He says he was forced, but does not say what he was forced to do. There are no facts in this case alleged, except the one simple statement that he was threatened with arrest. That is not sufficient.

There is no occasion for the extensive citation of cases upon this subject. The case of Fulton *v.* Hood, 34 Pa. 365, and the two cases of Sulzner *v.* Cappeau-Lemley & Miller Co., 234 Pa. 162, and 238 Pa. 547, rule this case, and an examination of those cases will completely justify the entry of judgment for plaintiffs. It seems hardly necessary to state that the allegation that the note was given without consideration is not an allegation of fact, but a conclusion of law, and has, therefore, no place in an affidavit of defence.

Rule absolute. From William J. Aiken, Pittsburgh, Pa.